

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 4, 2006

Mr. Carl Reynolds
Administrative Director
Office of Court Administration
Post Office Box 12066
Austin, Texas 78711-2066

Opinion No. GA-0491

Re: Whether a district clerk must collect filing fees under both section 133.151 and section 133.152 of the Texas Local Government Code (RQ-0497-GA)

Dear Mr. Reynolds:

You ask whether a district clerk must collect filing fees under both section 133.151 and section 133.152 of the Local Government Code.[1]

Section 133.151, adopted in 2003 and titled "Consolidated Civil Fee on Filing a Civil Suit in District Court," provides, in relevant part:

> In addition to each fee collected under Section 51.317(b)(1), Government Code, the clerk of a district court shall collect the following fees on the filing of any civil suit:
>
> (1) $45 for family law cases and proceedings as defined by Section 25.0002, Government Code; and
>
> (2) $50 for any case other than a case described by Subdivision (1).

TEX. LOC. GOV'T CODE ANN. § 133.151(a) (Vernon Supp. 2006). Section 133.152, also adopted in 2003 and titled "Additional Filing Fees for Certain Actions and Proceedings in District Court for Basic Civil Legal Services for Indigents," provides, in relevant part:

> In addition to other fees authorized or required by law, the clerk of a district court shall collect the following fees on the filing [of] any civil action or proceeding requiring a filing fee, including an

---

[1]Letter from Mr. Carl Reynolds, Administrative Director, Office of Court Administration, to Honorable Greg Abbott, Attorney General of Texas (May 24, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

appeal, and on the filing of any counterclaim, cross-action, intervention, interpleader, or third-party action requiring a filing fee:

(1) $5 in family law cases and proceedings as defined by Section 25.0002, Government Code; and

(2) $10 in any case other than a case described by Subdivision (1).

*Id.* § 133.152(a).

You indicate that the fees set forth in section 133.151 were not new fees, but represent "consolidated . . . fees that had been contained in former Sections 51.701 and 51.941 of the Government Code. The amount of this consolidated fee . . . equals the sum of the two old fees." Request Letter, *supra* note 1, at 1. On the other hand, the fee established by section 133.152 is a new fee. *See id.* You note that "many district clerks are disregarding the plain wording of Section 133.152 at the direction of the Office of the Comptroller of Public Accounts. . . . Rather than charging the additional fee when a suit is initially filed, many district clerks are charging only the consolidated fee." *Id.* at 2. Your question is "whether district clerks should collect the additional fee called for by Section 133.152 upon the initial filing of a lawsuit." *Id.*

In a brief submitted to this office, the Comptroller asserts that the collection of fees under both sections

> was and is entirely inconsistent with the stated purpose of Chapter 133 (to "consolidate and standardize"). It was and is also inconsistent with the caption of House Bill 2424, which reads "relating to technical changes to taxes and fees administered by the comptroller; providing for [sic] penalties." And, it was and is inconsistent with the Fiscal Note for House Bill 2424, provided to the Legislature by the Legislative Budget Board, indicating no new revenue from the legislation.[2]

The arguments made by the Comptroller might be tenable if sections 133.151 and 133.152 had been enacted in separate bills. Both sections were, however, adopted as part of House Bill 2424. *See* Act of June 1, 2003, 78th Leg., R.S., ch. 209, 2003 Tex. Gen. Laws 979, 997. The provisions appear sequentially as part of section 62(a) of House Bill 2424. Each provision is set forth in its entirety in the bill. *See* TEX. CONST. art. III, § 35 (regarding subjects and titles of bills). While the caption of section 133.151 does indeed refer to a "consolidated civil fee," the caption of section 133.152 refers to "additional filing fees." Furthermore, section 133.152 begins with language that

---

[2]Brief from Timothy Mashburn, General Counsel, Office of the Comptroller of Public Accounts, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 2 (July 7, 2006).

is unmistakably clear: "*In addition* to other fees authorized or required by law . . . ." TEX. LOC. GOV'T CODE ANN. § 133.152(a) (Vernon Supp. 2006) (emphasis added).

The plain language of House Bill 2424 indicates beyond peradventure that the legislature intended that the fees established in both sections 133.151 and 133.152 be collected by a district clerk. It is well settled that a court, and by extension, this office, construes a statute by looking to the plain meaning of the statute's language. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999). Words and phrases must be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). The application of the plain language rule compels the conclusion that fees must be collected under both of the statutes at issue here.

We conclude that a district clerk must collect filing fees under both section 133.151 and section 133.152 of the Local Government Code.

## S U M M A R Y

A district clerk must collect filing fees under both section 133.151 and section 133.152 of the Local Government Code.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee